UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRET NEAL,<br><br>                Plaintiff,<br><br>   v.<br><br>DR. SHAW, YAKIMA COUNTY JAIL and ED W. CAMPBELL,<br><br>                Defendants. | NO: 1:19-CV-03135-RMP<br><br>ORDER DISMISSING ACTION<br><br>1915(g) |

BEFORE THE COURT is Plaintiff's Second Amended Complaint, ECF No. 11. Plaintiff, a pretrial detainee at the Yakima County Jail, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. Liberally construing the Second Amended Complaint in the light most favorable to Plaintiff, the Court finds that he has failed to state a claim upon which relief may be granted.

As the Court previously stated, the Yakima County Jail is not a proper Defendant under 42 U.S.C. § 1983. ECF No. 10 at 3 (citing *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005)). Although granted a second opportunity to amend his complaint, Plaintiff did not identify Yakima County as a

ORDER DISMISSING ACTION -- 1

Defendant to this action or state any facts showing that a policy or custom of the county resulted in the violation his constitutionally protected rights. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff also fails to present facts from which the Court could infer that Defendant Ed W. Campbell, as Director of the Yakima County Jail, was aware of constitutional violations or caused any constitutional violations by a custom or policy he established. *See Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).

Finally, Plaintiff's assertions against Dr. Shaw are so vague and conclusory that the Court is unable to infer that Dr. Shaw engaged in conduct that was objectively deliberately indifferent to Plaintiff's medical needs. *See Gordon v. Cty. of Orange,* 888 F.3d 1118, 1125 (9th Cir. 2018). For the reasons set forth above, and in the Court's prior Orders, **IT IS ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g) a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the statutory provisions of 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the**

ORDER DISMISSING ACTION -- 2

**three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims *in forma pauperis*.**

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter Judgment, provide copies to Plaintiff at his last known address, and **CLOSE** the file. The District Court Clerk is further directed to provide a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies that any appeal of this dismissal would not be taken in good faith.

**DATED** January 24, 2020.

                                        *s/ Rosanna Malouf Peterson*
                                 ROSANNA MALOUF PETERSON
                                     United States District Judge

ORDER DISMISSING ACTION -- 3